TERMED

# U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (Hammond)
## CRIMINAL DOCKET FOR CASE #: 2:06-cr-00102-PPS-APR
## All Defendants

08 CR 439

Case title: United States of America v. Sanders

Date Filed: 06/07/2006
Date Terminated: 11/06/2006

Assigned to: Judge Philip P Simon
Referred to: Magistrate Judge Andrew P Rodovich

FILED
JUN 1 3 2008
6-13-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### Defendant (1)

**Kesha Marie Sanders**
*TERMINATED: 11/06/2006*

represented by **Raymond Hough PHV, Jr**
Raymond Hough & Associates
9300 S Ashland
Chicago, IL 60620
708-532-0240
Fax: 708-532-0392
Email: rayhoughjr@sbcglobal.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
I Certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By K. Catlen
DEPUTY CLERK
Date 6/10/08

### Pending Counts

18:922(a)(6) MAKING FALSE STATEMENTS TO

### Disposition

Probation of 3 years. Home detention of 10 months.

PROCURE A FIREARM
(1)

Special Assessment of $100.00. No fine imposed.

**Highest Offense Level (Opening)**
Felony

**Terminated Counts**

18:922(a)(6) MAKING FALSE STATEMENTS TO PROCURE A FIREARM
(2)

**Disposition**
Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure and by leave of Court, count 2 is DISMISSED agnst dft Kesha Sanders.

**Highest Offense Level (Terminated)**
Felony

**Complaints**
None

**Disposition**

---

**Plaintiff**

**United States of America**  represented by **Nicholas J Padilla - AUSA**
US Attorney's Office - Ham/IN
5400 Federal Plaza Suite 1500
Hammond, IN 46320
219-937-5500
Fax: 219-852-2770
Email: nick.padilla@usdoj.gov
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/07/2006 | 1 | SEALED INDICTMENT as to Kesha Marie Sanders (1) count(s) 1-2. (kjp, ) Unsealed indictment attached on 6/20/2006 (kjp, ). Modified on 6/20/2006 (kjp, ). (Entered: 06/08/2006) |
| 06/07/2006 | 2 | Arrest Warrant Issued in case as to Kesha Marie Sanders. (kjp, ) (Entered: 06/08/2006) |
| 06/20/2006 | 3 | INITIAL APPEARANCE/ARRAIGNMENT as to Kesha Marie Sanders (1) Count 1-2 held on 6/20/2006 before Judge Andrew P Rodovich. Govt appeared by AUSA Nicholas Padilla. Dft appeared with atty Raymond Hough. Peter Sgroi appeared on behalf of U S Probation/Pretrial Services. Govt moves to unseal case. GRANTED. Case unsealed. Atty Hough represents to court that he is not admitted to practice pro hac vice in this case but has the forms and will do so immediately after the hearing. Atty appearance form filled out and file-marked in open court. Dft waives advice re constitutional rights, charges, penalties. Bond set in the amount of $20,000 unsecured with supervision. Dft proceeds with arraignment. Dft waives reading of Indictment and pleads NOT GUILTY. Arraignment order to follow setting forth trial date and final pretrial date. Dft RELEASED to be transported to Lake County on outstanding warrant to be cleared by her atty. Pretrial Motions due by 7/20/2006. (Digitally Recorded.) (plm, ) (Entered: 06/20/2006) |
| 06/20/2006 | | Judge update in case as to Kesha Marie Sanders. Judge Andrew P Rodovich added. (plm, ) (Entered: 06/20/2006) |

| | | |
|---|---|---|
| 06/20/2006 | 4 | Appearance Bond Entered as to Kesha Marie Sanders in amount of $ 20,000.00 (plm, ) (Entered: 06/20/2006) |
| 06/20/2006 | 5 | ORDER Setting Conditions of Release as to Kesha Marie Sanders (1) . Signed by Judge Andrew P Rodovich on 6/20/06. (plm, ) (Entered: 06/20/2006) |
| 06/20/2006 | 6 | ARRAIGNMENT ORDER as to Kesha Marie Sanders. Pretrial Motions due by 7/20/2006. Jury Trial (2nd setting) set for 8/21/2006 08:30 AM in Hammond before Judge Philip P Simon. Final Pretrial Conference set for 8/4/2006 01:30 PM in Hammond before Magistrate Judge Andrew P Rodovich. Signed by Judge Andrew P Rodovich on 6/20/06. (plm, ) (Entered: 06/20/2006) |
| 06/20/2006 | 7 | ATTORNEY APPEARANCE: Raymond Hough appearing for Kesha Marie Sanders (plm, ) (Entered: 06/20/2006) |
| 06/20/2006 | 8 | Arrest Warrant Returned Executed on 6/20/06 in case as to Kesha Marie Sanders. (kjp, ) (Entered: 06/20/2006) |
| 07/18/2006 | 9 | APPLICATION for Attorney Raymond Hough to Appear Pro Hac Vice on behalf of Kesha Marie Sanders ; Receipt No. 2207602. (kjp, ) (Entered: 07/18/2006) |
| 07/18/2006 | 10 | ORDER granting 9 Application to Appear Pro Hac Vice of Attorney Raymond Hough Jr PHV for Kesha Marie Sanders. Signed by Judge Andrew P Rodovich on 7/18/06. (kjp, ) (Entered: 07/19/2006) |
| 07/19/2006 | 11 | PLEA AGREEMENT as to Kesha Marie Sanders (Padilla, Nicholas) (Entered: 07/19/2006) |
| 07/24/2006 | 12 | NOTICE OF HEARING as to Kesha Marie Sanders: Change of Plea Hearing set for 8/1/2006 10:00 AM in Hammond before Judge Philip P Simon. (nac, ) (Entered: 07/24/2006) |
| 07/25/2006 | 13 | NOTICE: The Final Pretrial Conference set for 8/4/2006 at 01:30 PM before Magistrate Judge Andrew P |

| | | |
|---|---|---|
| | | Rodovich is VACATED. To be reset if necessary. (plm, ) (Entered: 07/25/2006) |
| 07/25/2006 | | Terminate Hearings as to Kesha Marie Sanders re 13 (rmn) (Entered: 07/26/2006) |
| 08/01/2006 | 14 | CHANGE OF PLEA HEARING as to Kesha Marie Sanders held on 8/1/2006 before Judge Philip P. Simon. Gov't present by Nick Padilla, AUSA. Dft appears in person and by cnsl Raymond Hough, Jr. Dft advised of Constitutional rights, charges and penalties. Plea entered by Kesha Marie Sanders (1) Guilty as to Count 1 of the Indictment. Court orders judgment of guilty entered upon the dft's plea of guilty to count 1 of the Indictment. Plea of guilty is accepted by the Court. Court reserves acceptance of plea agreement pending a review of the Presentence Investigation Report. Referred to U.S. Probation Office for PSI Report. Sentencing set for 11/1/2006 01:00 PM in Hammond before Judge Philip P Simon. The trial date of 8/21/2006 is VACATED. (Copy of minute by mail to Atty Hough). (Court Reporter Sharon Boleck-Mroz.) (nac, ) (Entered: 08/01/2006) |
| 08/03/2006 | | Terminate Deadlines and Hearings as to Kesha Marie Sanders: (jury trial date) (nac, ) (Entered: 08/03/2006) |
| 11/01/2006 | 15 | SENTENCING held on 11/1/2006 for Kesha Marie Sanders before Judge Philip P. Simon. Gov't present by Nick Padilla, AUSA and SA R. Crafton. Motion for Downward Departure presented to the Court by defense just prior to the hearing. Court advises defense attorney to electronically file this motion. Court accepts plea agreement. Argument on motion for downward departure (non-guideline sentence). Evidence presented by Gov't (exhibit list attached to this minute). Dft sentenced on count 1: Court gives non-guideline sentence: Probation of 3 years. Home detention of 10 months. Special Assessment of $100.00. No fine imposed. Count 2: Pursuant to Rule 48(a) of the Federal |

|  |  | Rules of Criminal Procedure and by leave of Court, count 2 is DISMISSED agnst dft Kesha Sanders. Gov't to follow up oral motion with written motion/form order. Dft advised of appeal rights. Cnsl reminded of duty to perfect appeal, should client wish. (Court Reporter Sharon Boleck-Mroz.) (nac, ) Additional attachment(s) added on 11/1/2006 (nac, ). (Entered: 11/01/2006) |
|---|---|---|
| 11/02/2006 | 16 | MOTION to Dismiss *Count 2 of the Indictment* by United States of America as to Kesha Marie Sanders. (Padilla, Nicholas) (Entered: 11/02/2006) |
| 11/02/2006 | 17 | ORDER granting 16 Motion to Dismiss Count 2 of the Indictment as to Kesha Marie Sanders. Signed by Judge Philip P Simon on 11/2/2006. (nac, ) (Entered: 11/02/2006) |
| 11/06/2006 | 18 | JUDGMENT as to Kesha Marie Sanders. Signed by Judge Philip P Simon on 11/3/2006. (nac, ) (Entered: 11/06/2006) |
| 04/23/2008 | 19 | ORDER TO TRANSFER JURISDICTION as to Kesha Marie Sanders to the Northern District of Illinois. Signed by Judge Philip P Simon on 4/23/08 and awaiting signature of accepting court. (originals to USPO). (sda) (Entered: 04/23/2008) |
| 06/09/2008 | 20 | Jurisdiction Transferred to Northern District of Illinois as to Kesha Marie Sanders. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (ksc) (Entered: 06/10/2008) |

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

__NORTHERN__ District of __INDIANA__

UNITED STATES OF AMERICA
V.

KESHA MARIE SANDERS

**JUDGMENT IN A CRIMINAL CASE**

Case Number:     2:06 CR 102 PS

USM Number:     08821-027

Raymond Hough, Jr.
Defendant's Attorney

**THE DEFENDANT:**

x pleaded guilty to count(s)    1

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 922(a)(6) | Making False Statements in Connection with the Acquisition of a Firearm | 3/8/2006 | 1 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

x Count(s)   2     x is    ☐ are   dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 1, 2006
Date of Imposition of Judgment

s/Philip P. Simon
Signature of Judge

Philip P. Simon, U.S. District Court Judge
Name and Title of Judge

November 3, 2006
Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I Certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By K. Cathre
DEPUTY CLERK
Date 6/10/08

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
               Sheet 4—Probation

Judgment—Page __2__ of __5__

DEFENDANT:     KESHA MARIE SANDERS
CASE NUMBER:     2:06 CR 102

## PROBATION

The defendant is hereby sentenced to probation for a term of :     3 years

The defendant shall not commit another federal, state or local crime.

     The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

     If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support the defendant's dependents and meet other family responsibilities.
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer at least ten (10) days prior to any change of residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A — Probation

Judgment—Page 3 of 5

DEFENDANT: KESHA MARIE SANDERS
CASE NUMBER: 2:06 CR 102 PS

## ADDITIONAL PROBATION TERMS

The defendant shall be placed on home detention for a period of 10 months to commence within 30 days of date of sentencing. During this time, the defendant shall remain at her place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at her place of residence without any "call forwarding", "Caller ID", "call waiting", modems, answering machines, cordless telephones or other special services for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department.

The defendant is to pay the cost of the electronic monitoring portion of this sentence not to exceed the daily contractual rate. Payment for the electronic monitoring shall be made based on annual poverty guidelines established by the U.S. Department of Health and Human Services (HHS) on a sliding scale basis. The co-payment amount shall not exceed an amount determined by the Probation Officer's Sliding Scale For Monthly co-payment. Changes to the established rate can be made by the probation officer subject to supervisory approval.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page __4__ of __5__

DEFENDANT: KESHA MARIE SANDERS
CASE NUMBER: 2:06 CR 102 PS

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 100.00       | $ none   | $ none          |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) payable to Clerk, U.S. District Court, (street address), (city, state, zip) for the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

TOTALS     $ _____     $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT:  KESHA MARIE SANDERS
CASE NUMBER:  2:06 CR 102 PS

Judgment — Page  5  of  5

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  X  Lump sum payment of $ 100.00 due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cause No. 2:06 CR 102 PS |
| v. ) | 18 U.S.C. § 922 (a)(6) |
| KESHA MARIE SANDERS ) | |

INDICTMENT

**THE GRAND JURY CHARGES:**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I Certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By K. Cather
DEPUTY CLERK
Date 6/10/08

**COUNT 1**

On or about March 8, 2006, in the Northern District of Indiana,

**KESHA MARIE SANDERS,**

defendant herein, in connection with the acquisition of firearms, did knowingly and with intent to deceive make false statements and representations regarding a material fact with respect to the lawfulness of the sale of firearms from Westforth Sports Inc., a federally licensed firearms dealer, in that the defendant did execute a Department of Justice, ATF Form 4473 Firearms Transaction Record, to the effect that the defendant represented herself as the actual purchaser of three firearms, being one (1) Smith and Wesson 9 millimeter pistol bearing serial number VJF9123; one (1) Glock .40 caliber pistol bearing serial number HNV365; and one (1) Taurus 9 millimeter pistol bearing serial number TYH19896, whereas in truth and in fact, she well knew that she was purchasing said firearms for another person, who had selected the firearms and paid her for said firearms prior to said purchase;

In violation of Title 18, United States Code, Section 922(a)(6).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 2

On or about March 8, 2006, in the Northern District of Indiana,

**KESHA MARIE SANDERS,**

defendant herein, in connection with the acquisition of firearms, did knowingly and with intent to deceive make false statements and representations regarding a material fact with respect to the lawfulness of the sale of three (3) firearms, to wit: one (1) Smith and Wesson 9 millimeter pistol bearing serial number VJF9123; one (1) Glock .40 caliber pistol bearing serial number HNV365; and one (1) Taurus 9 millimeter pistol bearing serial number TYH19896, from Westforth Sports Inc., a federally licensed firearms dealer, in that the defendant did execute a Department of Justice, ATF Form 4473 Firearms Transaction Record, to the effect that the defendant represented her name as Kesha Mylonda Sanders, represented her residence as 1325 Circle Court, Hammond, Indiana 46323, and represented her social security number as a specific nine-digit number beginning with "33," whereas in truth and in fact, the defendant well knew that her name was not Kesha Mylonda Sanders, well knew that her residence address was not 1325 Circle Court, Hammond, Indiana 46323, and well knew that her social security number was not that specific nine-digit number beginning with "33;"

In violation of Title 18, United States Code, Section 922(a)(6).

A TRUE BILL:

/s/ Foreperson
FOREPERSON

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

By: /s/ Nicholas J. Padilla
NICHOLAS J. PADILLA
ASSISTANT UNITED STATES ATTORNEY

2

| INN - PROB 22 Rev. 05/04 | | DOCKET NUMBER *(Tran. Court)* 0755 2:06CR00102 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Kesha Marie Sanders | Northern District Of Indiana | |
| | NAME OF SENTENCING JUDGE | |
| | Honorable Philip P. Simon | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 11/01/2006 | TO 10/31/2009 |
| OFFENSE IMPORTING/MANUFACTURING FIREARMS | | |

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK
By [signature]
DEPUTY CLERK
U.S DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
6-5-08

**08CR 439**

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE _____ Northern District Of Indiana _____

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____ Norther District of Illinois _____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_4-23-08_
Date

[signature]
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE ____ NORTHERN ____ DISTRICT OF ____ ILLINOIS ____

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

**RECEIVED**
JUN 0 3 2008 TC
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JUN - 2 2008
Effective Date

JUDGE GOTTSCHALL
MAGISTRATE JUDGE KEYS

[signature] James F. Holderman
United States District Judge

A TRUE COPY ATTEST
DATE: 6/10/08
[signature] K. Cather
Clerk, U.S. District Court
Northern District of Indiana